IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MARY MARTIN,                    )
                                )
            *Plaintiff,*         )        Case No.:_____
v.                              )
                                )
WALDEN UNIVERSITY, LLC          )        Judge:_____
and LAUREATE INTERNATIONAL      )
UNIVERSITIES D/B/A LAUREATE     )
EDUCATION, INC.,                )
                                )        **JURY TRIAL DEMANDED**
            *Defendants.*        )

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Mary Martin ("Plaintiff") by and through her undersigned counsel and brings the following Complaint against Defendant Walden University, LLC ("Defendant Walden") and Defendant Laureate International Universities d/b/a Laureate Education, Inc., (Defendant Laureate"):

1. Plaintiff, Mary Martin, was at all times pertinent to this matter a resident and citizen of the State of Michigan, who attended Defendant Walden from 2004 until March 2021.

2. Defendant Walden is a limited liability company organized under the laws of the State of Florida with its principal place of business in Baltimore, Maryland and upon information and belief is a wholly owned subsidiary of Defendant Laureate.

3.  Upon information and belief Defendant Laureate is a corporation organized under the laws of the State of Delaware with its principal place of business in Baltimore, Maryland and is the parent corporation of Defendant Walden.

4.  This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5.  This Court has personal jurisdiction over Defendant Walden because it conducts significant business in Michigan, including, but not necessarily limited to interacting directly with Plaintiff Martin for years in the State of Michigan. In this regard Defendant Walden provided educational materials, instruction, and/or assignments to Plaintiff a Michigan resident and Plaintiff completed the majority of her course work online from Michigan.

6.  This Court has personal jurisdiction over Defendant Laureate because it conducts significant business in Michigan including, but not necessarily limited to receiving profits from tuition paid by Plaintiff.

7.  Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 USC §1391 because Defendants Walden and Laureate engage in substantial business throughout the district and many of the acts complained of herein took place within the district.

8.  Defendant Walden is a for-profit, online university that offers bachelor's, master's and doctorate level degrees to students in the State of Michigan.

9. Defendant Walden offers a number of online, doctorate level degrees including, but not limited to a PhD in Clinical Psychology.

10. Defendant Walden expends large sums of money on marketing and soliciting enrollment and directly seeks and lures would be students such as Plaintiff to apply for admission by making false and misleading misrepresentations concerning the length of time and amount of money that it will take to obtain a doctorate level degree.

11. Defendant Walden utilizes the internet, phone, and social media to market to and solicit would be students to enroll in its doctorate level programs.

12. Upon information and belief, the vast majority of Defendant Walden's revenue is derived from federally funded student loans.

13. Upon information and belief Defendant Walden's students, including Plaintiff are burdened and oppressed with some of the highest student loan debts in the country.

14. Plaintiff applied to Walden because of their marketing and solicitation campaign that they catered to working adults and because Walden represented to her and others directly and indirectly through its marketing campaign and other efforts at solicitation as well as a manipulative and deceptive bait and switch practice, that in three to five years and at a cost of $160,000.00 she would obtain a PhD., in Clinical Psychology. Plaintiff reasonably relied on the misrepresentations by enrolling at and continuing as a student at the university until she was wrongfully dismissed.

15. Defendant Walden misrepresented to Plaintiff how long it would take to complete the program, the true cost of the program, and whether Walden would assist and place students with required internships and practicums. Plaintiff reasonably relied on the misrepresentation by enrolling at and continuing as a student at the university until she was wrongfully dismissed.

16. Defendant Walden misrepresented to Plaintiff the availability and ease of obtaining state licensure for Clinical Psychologists from Walden as well as the limitations due to Walden's reputation on the number of states where Walden is recognized for licensure. Plaintiff reasonably relied on the misrepresentation by enrolling at and continuing as a student at the University until she was wrongfully dismissed.

17. Defendant Walden misrepresented to Plaintiff that her and other enrollees could get jobs anywhere and Plaintiff reasonably relied on the misrepresentation by enrolling at and continuing as a student at the University until she was wrongfully dismissed.

18. Plaintiff enrolled in Defendant Walden in 2004 and as of March 1, 2021, had not yet completed the Clinical Psychology PhD. program because of the misrepresentations made by Walden, as well as, Walden's efforts to unlawfully and unreasonably prolong her enrollment and delay her degree so as to enrich itself and its parent, Defendant Laureate with tuition paid by Plaintiff through federally funded student loans.

19. Plaintiff remained a student at Walden until her March 10, 2021, dismissal. She stayed until the wrongful dismissal because of, and in reliance upon the multitude

of misrepresentations made to her regarding the availability of internships, practicums and assistance Walden could and would provide to her to complete the required internship and practicum. Based on her reasonable reliance on these and other misrepresentations made by Defendant Walden Plaintiff continued to borrow money and attend the University. When Plaintiff finally found a practicum and internship, without the assistance of Defendants, the Defendants wrongfully refused to approve the internship and practicum and dismissed her from the University.

20. Defendant Walden wrongfully kept Plaintiff in dissertation for seven years, rather than the amount of time represented to Plaintiff and others by the University, and further delayed, obstructed, and interfered with her completion of her dissertation and obtainment of a required internship to keep her in the program longer and bilk her for tuition knowing all along that the money was available and accessible through federally funded student loans.

21. Defendants wrongfully refused to approve Plaintiff's practicum, and instead dismissed her from the University on March 10, 2021, because it knew the gravy train was over and they knew that extracting additional tuition payments from her through federally subsidized loans would set off red flags with the US Department of Education because she was beyond the time for completion of the doctoral program and her student loan debt was so high.

22. On March 10, 2021, after 17 years as a student at Defendant Walden and approximately $1,000,000.00 in student loan debt Walden dismissed Plaintiff from the University on false pretenses thereby depriving her of the ability to

obtain a PhD in Clinical Psychology and depriving her of the ability to earn a living as a Clinical Psychologist.

## COUNT I FRAUDULENT MISREPRESENTATION

23. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 22 above as though fully restated herein.

24. In the Summer/Fall of 2004 Defendant Walden made specific material misrepresentations through its employees, agents, and representatives, including, but not limited to an enrollment counselor, to Plaintiff that if she enrolled at Walden, she would obtain a PhD in Clinical Psychology in three to five years and at the cost of approximately $160,000. At the time that these misrepresentations were made to Plaintiff, Defendants and their employees, agents, and or representatives knew they were false and or made them recklessly as a positive assertion without knowledge of the truth of the representations. Defendants by and through their employees, agents and or representatives made these misrepresentations with the intention that Plaintiff would act on the misrepresentations by enrolling in the university. Plaintiff reasonably relied on these representations, enrolled in the University, and thereby suffered injuries and damages as more fully set forth in this Complaint.

25. Starting in the Summer/Fall of 2004 and continuing through the end of her dissertation in February 2019, Defendants made specific material misrepresentations through their employees, agents, and representatives to Plaintiff that if she enrolled at Walden and continued in the program that her

dissertation would be completed within 6 classes, at 3 months each, for a total of 18 months. At the time that these misrepresentations were made to Plaintiff, Defendants and their employees, agents, and or representatives knew they were false and or made them recklessly as a positive assertion without knowledge of the truth of the representations. Defendants by and through their employees, agents and or representatives made these misrepresentations with the intention that Plaintiff would act on the misrepresentation by enrolling in the University. Plaintiff reasonably relied on these representations, enrolled in the University, continued at the university, was stuck in dissertation for seven years and thereby suffered injuries and damages as more fully set forth in this Complaint.

26. During the tenure of Plaintiff's enrollment at the University Defendants made specific material misrepresentations through their employees, agents, and representatives to Plaintiff as to how long it would take to complete the program, the true cost of the program and whether Walden would assist and place students with required internships and practicums. At the time that these misrepresentations were made to Plaintiff, Defendants and their employees, agents, and or representatives knew they were false and or made them recklessly as a positive assertion without knowledge of the truth of the representations. Defendants by and through their employees, agents and or representatives made these misrepresentations with the intention that Plaintiff would act on the misrepresentation by enrolling in the university. Plaintiff reasonably relied on these representations, enrolled in the University and thereby suffered injuries and damages as more fully set forth in this Complaint.

27. During the tenure of Plaintiff's enrollment at the University, Defendants made specific material misrepresentations through their employees, agents, and representatives to Plaintiff indicating that with a PhD. in Clinical Psychology, Walden students would be able to obtain jobs and/or state licensure throughout the country and/or the ease of obtaining licensure. At the time that these misrepresentations were made to Plaintiff, Defendants and their employees, agents, and or representatives knew they were false and or made them recklessly as a positive assertion without knowledge of the truth of the representations. Defendants by and through their employees, agents and or representatives made these misrepresentations with the intention that Plaintiff would act on the misrepresentation by enrolling in the University. Plaintiff reasonably relied on these representations, enrolled in the University and thereby suffered injuries and damages as more fully set forth in this Complaint.

28. During the tenure of Plaintiff's enrollment at the University Defendants made specific material misrepresentations through their employees, agents, and representatives to Plaintiff indicating that internships and practicums were readily available, and that Walden could and would provide to her with assistance locate, obtain and complete the required internship and practicum. At the time that these misrepresentations were made to Plaintiff, Defendants and their employees, agents, and or representatives knew they were false and or made them recklessly as a positive assertion without knowledge of the truth of the representations. Defendants by and through their employees, agents and or representatives made these misrepresentations with the intention that Plaintiff

would act on the misrepresentation by enrolling in the University. Plaintiff reasonably relied on these representations, enrolled in the University, and thereby suffered injuries and damages as more fully set forth in this Complaint.

29. As a direct result of Plaintiff's reasonable reliance on the fraudulent and material misrepresentations made by Defendants' employees, agents and or representatives as set forth in this Complaint Plaintiff borrowed approximately $500,000.00 in federal subsidized loans under the reasonable belief that she would be able to complete and obtain a PhD in Clinical Psychology from Walden and obtain the required licensure to work in her chosen field of Clinical Psychology. However, due to Defendants' fraudulent and otherwise wrongful conduct, Plaintiff was unable to obtain a PhD. in Clinical Psychology and has suffered injuries and damages as more fully set forth in this Complaint.

## COUNT II SILENT FRAUD

30. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 29 above as though fully restated herein.

31. Prior to and at the time of Plaintiff's enrollment in 2004, Defendants Walden and Laureate by and through the words and actions of their employees, agents and or representatives made material misrepresentations to Plaintiff as to amount of time and money it would take for Plaintiff to obtain a PhD in Clinical Psychology even though they knew or should have known that the doctorate level degree could not be completed in the amount of time or money represented resulting in the suppression of material facts where Walden had a legal or equitable duty of disclosure of the true facts to Plaintiff. Defendants' legal or equitable duty to

9

disclose the true material facts arises from its relationship with Plaintiff and the fact that Walden knew Plaintiff was paying for her education through federally subsidized student loans meaning that the more money Plaintiff took out in student loans the more money Walden would make off of her thereby incentivizing Defendants to suppress the truth, delay and defer her advancement in the program and otherwise engage in unconscionable behavior and practices culminating in her wrongful dismissal from the University.

32.  Between the time of Plaintiff's enrollment and her wrongful dismissal as a student on March 10, 2021, Defendants by and through the words and actions of their employees, agents and or representatives made material misrepresentations to Plaintiff as to amount of time and money it would take for Plaintiff to obtain a PhD in Clinical Psychology. Defendants made these misrepresentations even though they knew or should have known that the doctorate level degree could not be completed in the amount of time or money represented resulting in the suppression of material facts where Defendants had a legal or equitable duty of disclosure of the true facts to Plaintiff. Defendants' legal or equitable duty to disclose the true material facts arises from their relationship with Plaintiff and the fact that they knew Plaintiff was paying for her education through federally subsidized student loans. Meaning that Defendants knew that the more money Plaintiff took out in student loans the more money they would make off of her thereby incentivizing Defendants to suppress the truth delay and defer her advancement in the program and otherwise engage in

unconscionable behavior and practices culminating in her wrongful dismissal from the University.

33. Between the time of Plaintiff's enrollment and her wrongful dismissal as a student on March 10, 2021, Defendants by and through the words and actions of their employees, agents and or representatives made material misrepresentations to Plaintiff as to amount of time and money it would take for Plaintiff to complete her required dissertation even though they knew or should have known that the dissertation could not be completed in the amount of time or for the amount of money represented resulting in the suppression of material facts where Defendants had a legal or equitable duty of disclosure of the true facts to Plaintiff. Defendants' legal or equitable duty to disclose the true material facts arises from its relationship with Plaintiff and the fact that they knew Plaintiff was paying for her education through federally subsidized student loans, meaning that the more money Plaintiff took out in student loans the more money they would make off of her thereby incentivizing Defendants to suppress the truth delay and defer her advancement in the program and otherwise engage in unconscionable behavior and practices culminating in her wrongful dismissal from the University.

34. Between the time of Plaintiff's enrollment and her wrongful dismissal as a student on March 10, 2021, Defendants by and through the words and actions of their employees, agents and or representatives made material misrepresentations to Plaintiff as to the availability of internships and practicums, as well as, the assistance and placement it would provide to Plaintiff in regard to the required internship and practicum even though they knew or should have known that the

available internships and practicums were vastly limited by Walden's prior conduct and reputation. Defendants knew they would not provide or even be able to provide the promised assistance and placement with the required internship and practicum resulting in the suppression of material facts where Defendants had a legal or equitable duty of disclosure of the true facts to Plaintiff. Defendants' legal or equitable duty to disclose the true material facts arises from its relationship with Plaintiff and the fact that Walden knew Plaintiff was paying for her education through federally subsidized student loans meaning that the more money Plaintiff took out in student loans the more money Walden would make off of her thereby incentivizing Defendants to suppress the truth delay and defer her advancement in the program and otherwise engage in unconscionable behavior and practices culminating in her wrongful dismissal from the University.

35. Defendants by and through the words and actions of their employees, agents and or representatives made material misrepresentations to Plaintiff as to the fact that she would be allowed to complete her chosen program and obtain a PhD in Clinical Psychology. Defendants made these misrepresentations despite the fact that they knew that they never intended for her to do so, as they intended on bilking her for approximately $500,000.00 or more in tuition that they knew would be paid through federally subsidized student loans resulting in the suppression of material facts where Defendants had a legal or equitable duty of disclosure of the true facts regarding Plaintiff's ability to complete the program and obtain a PhD in Clinical Psychology.

36. As a direct result of Plaintiff's reasonable reliance on the fraudulent and material misrepresentations made by Defendants' employees, agents and or representatives as set forth in this Complaint Plaintiff borrowed approximately $500,000.00 in federal subsidized loans under the reasonable belief that she would be able to complete and obtain a PhD in Clinical Psychology from Walden and obtain the required licensure to work in her chosen field of Clinical Psychology. However, due to Defendants' fraudulent and otherwise wrongful conduct, Plaintiff was unable to obtain a PhD. in Clinical Psychology and has suffered injuries and damages as more fully set forth in this Complaint.

37. As a result of the acts and words of Defendants' employees, agents and or servants designed, intended to, and in fact resulting in the suppression of material facts that Walden had a legal or equitable duty to disclose to Plaintiff. Plaintiff enrolled at the university, continued with the university for 17 years, incurred approximately $1,000,000 in student loan debt and has been deprived of her ability to earn a living in her chosen career as a Clinical Psychologist.

## COUNT III VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

38. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 37 above as though fully restated herein.

39. Defendants are engaged in the conduct of trade or commerce in that they provide educational services primarily for personal purposes to citizens of the state of Michigan and are subject to the Michigan Consumer Protection Act set forth at MCL 445.901, et. seq.

40. Defendants engaged in trade or commerce by providing educational services for personal purposes to Plaintiff a citizen of the state of Michigan and are subject to the Michigan Consumer Protection Act set forth at MCL 445.901, et. seq.

41. In violation of MCL 445.903 Defendants engaged in unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce with Plaintiff including but not limited to the following:

    a. Representing or implying that Plaintiff could and would obtain a PhD in Clinical Psychology within in three to five years and at a cost of $160,000.00 when they knew or had reason to know the degree would not be provided in that time frame or for that amount of money. MCL 445.903(1)(q).

    b. Representing or implying that the dissertation required for Plaintiff's obtainment of a PhD in Clinical Psychology could be completed within 6 classes at 3 months each for a total of 18 months when they knew or had reason to know the dissertation could not and would not be completed in that time frame or for that amount of money. MCL 445.903(1)(q).

    c. Representing or implying that they could and would place Plaintiff in the required internship and practicum when they knew or had reason to know the placement and assistance would not be provided in that time frame or for that amount of money. MCL 445.903(1)(q).

    d. Failing to represent material facts regarding the amount of time and money it would take to obtain a PhD in Clinical Psychology, the omission of which misled and deceived Plaintiff and which fact could not have reasonably be known by Plaintiff. MCL 445.903(1) (s).

    e. Failing to represent material facts regarding the amount of time and money it would take to complete her dissertation which was required to obtain a PhD in Clinical Psychology, the omission of which misled and deceived Plaintiff and which fact could not have reasonably be known by Plaintiff. MCL 445.903(1) (s).

f.  Failing to represent material facts regarding the process and assistance with placement of Plaintiff in the required internship and practicum, the omission of which misled and deceived Plaintiff and which fact could not have reasonably be known by Plaintiff. MCL 445.903(1) (s).

g.  Failing to represent material facts regarding the availability of qualified and approved internships for students at Walden seeking a PhD in Clinical psychology, the omission of which misled and deceived Plaintiff and which fact could not have reasonably be known by Plaintiff. MCL 445.903(1) (s).

h.  Failing to represent material facts regarding the availability of qualified and approved practicums for students at Walden seeking a PhD in Clinical psychology, the omission of which misled and deceived Plaintiff and which fact could not have reasonably be known by Plaintiff. MCL 445.903(1) (s).

i.  Representing or implying that there would be ample approved and available internships and practicums so that Plaintiff could obtain a PhD in Clinical Psychology when they knew or had reason to know the placement and assistance would not be provided in that time frame or for that amount of money. MCL 445.903(1)(q).

j.  Failing to represent material facts regarding the ability of Walden students and graduates to obtain licensure upon obtainment of a PhD in Clinical Psychology, the omission of which misled and deceived Plaintiff and which fact could not have reasonably be known by Plaintiff. MCL 445.903(1) (s).

k.  Making representations of fact and or statements of fact to Plaintiff indicating that she would obtain a PhD in Clinical Psychology in three to five years and for $160,000 which were material to Plaintiff's enrollment and continued enrollment at Defendant Walden such that a person would reasonably believe the represented or suggested facts and state of affairs to be other than it actually was. MCL 445.903(1) (bb).

l.  Making representations of fact and or statements of fact to Plaintiff throughout her tenure as a student, indicating that she would be able to obtain a PhD in Clinical Psychology, which were material to Plaintiff's continued enrollment at Defendant Walden and in order to

induce her to continue to take out student loans and continue in the program such that a person would reasonably believe the represented or suggested facts and state if affairs to be other than it actually was. MCL 445.903(1) (bb).

m. Making representations of fact and or statements of fact to Plaintiff throughout her tenure as a student indicating that she would be able to obtain approved internships and be provided assistance with placement with an internship that is required to obtain a PhD in Clinical Psychology were material to Plaintiff's continued enrollment at Defendant Walden and in order to induce her to continue to take out student loans and continue in the program such that a person would reasonably believe the represented or suggested facts and state if affairs to be other than it actually was. MCL 445.903(1) (bb).

n. Making representations of fact and or statements of fact to Plaintiff throughout her tenure as a student indicating that she would be able to obtain approved practicums and provided assistance with placement with a practicum required to obtain a PhD in Clinical Psychology were material to Plaintiff's continued enrollment at Defendant Walden and in order to induce her to continue to take out student loans and continue in the program such that a person would reasonably believe the represented or suggested facts and state if affairs to be other than it actually was. MCL 445.903(1) (bb).

o. Making representations of fact and or statements of fact to Plaintiff throughout her tenure as a student indicating that she would be able to obtain the licensure that she sought upon obtainment of a PhD in Clinical Psychology from Walden which were material to Plaintiff's continued enrollment at Defendant Walden and in order to induce her to continue to take out student loans and continue in the program such that a person would reasonably believe the represented or suggested facts and state if affairs to be other than it actually was. MCL 445.903(1) (bb).

p. Failing to reveal facts regarding the amount of time and money it would take to obtain a PhD in Clinical Psychology that are material to the transaction in light of representations of fact made in a positive manner. MCL 445.903(cc).

q. Failing to reveal facts regarding the amount of time and money it would take to complete her dissertation required to obtain a PhD in Clinical Psychology that are material to the transaction in light of representations of fact made in a positive manner. MCL 445.903(cc).

r. Failing to reveal facts regarding the amount of time and money it would take to complete her internship in order to obtain a PhD in Clinical Psychology that are material to the transaction in light of representations of fact made in a positive manner. MCL 445.903(cc).

s. Failing to reveal facts regarding the amount of time and money it would take to complete her practicum in order to obtain a PhD in Clinical Psychology that are material to the transaction in light of representations of fact made in a positive manner. MCL 445.903(cc).

t. Failing to reveal facts regarding the availability of approved internships and the assistance provided to students with placement in those internships that were required to obtain a PhD in Clinical Psychology that are material to the transaction in light of representations of fact made in a positive manner. MCL 445.903(1) (cc).

u. Failing to reveal facts regarding the availability of approved practicums and the assistance provided to students with placement in those practicums that were required to obtain a PhD in Clinical Psychology that are material to the transaction in light of representations of fact made in a positive manner. MCL 445.90(1) (cc).

v. Failing to reveal facts regarding the reputation of Walden, and the effect of its reputation on the availability of approved internships and practicums, and the assistance provided to students with placement in those internships and practicums that were required to obtain a PhD in Clinical Psychology that are material to the transaction in light of representations of fact made in a positive manner. MCL 445.903(1) (cc).

w. Making other misleading, deceptive statements and omissions of material facts in violation of MCL 445.903(1)(q), (s), (bb), and (cc).

x. Failing to reveal other facts material to Plaintiff's transactions with Defendants that were material to the transactions, in light of representations of fact made in a positive manner in violation of MCL 445.903(1)(cc).

42. Plaintiff has suffered a loss as a result of Defendants violations of the Michigan Consumer Protection Act and is entitled to her actual damages as well as reasonable attorney fees pursuant to MCL 445.911(2) of the Michigan Consumer Protection Act.

## COUNT IV BREACH OF CONTRACT

43. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 42 above as though fully restated herein.

44. Plaintiff and Defendants entered an agreement by which Plaintiff agreed to pay tuition and Defendants agreed to provide Plaintiff the educational services, platforms and resources to complete course work associated with a PhD in Clinical Psychology.

45. Plaintiff paid the required tuition, attended the required classes, completed the required course work and otherwise lived up to her end of the bargain as a student at Defendant Walden.

46. Defendants breached the agreement reached by the parties in ways including, but not necessarily limited to the following:

   a. Wrongfully dismissing Plaintiff from the university and thereby depriving her of a PhD in Clinical Psychology.

   b. Failing to provide her with the resources and services required to obtain a PhD in Clinical Psychology.

   c. Failing to provide her with the resources and services to complete her dissertation in a timely manner.

   d. Failing to provide her the resources and services to properly place her in and help her complete her internship in a timely manner.

18

e. Failing to provide her with the resources and services to properly and timely place her in a practicum.

f. Failing to allow her to complete her practicum.

g. Failing to provide her with a PhD in Clinical Psychology.

h. Interfering with her relationships with the professionals necessary for her to complete her internship and practicum.

i. Depriving her of the benefit of her bargain by taking approximately $500,000.00 in student loan money from Plaintiff without providing Plaintiff with any marketable degree.

j. Committing other acts and omissions constituting a breach of the contractual agreement entered by the parties including those agreements evidenced by the course of conduct of the parties from 2004 until March 9, 2021.

47. As a direct and proximate result of Defendants' acts of breach of contract Plaintiff has suffered economic damages including, but not necessarily limited to the following:

a. Indebtedness in the amount of approximately $1,000,000 in student loans which she cannot repay.

b. Lost opportunity costs in the form of lost income she would have and could have earned over the last 17 years of her life.

c. Lost income associated with moneys she would have earned if she had been awarded the PhD in Clinical Psychology, that Defendants and their conduct wrongful denied her.

d. Other consequential damages, past, present and future.

## **COUNT V UNJUST ENRICHMENT**

48. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 47 above as though fully restated herein.

49. Defendants received a benefit from Plaintiff's enrollment as a student at Walden in the form of approximately $500,000.00 in tuition, which was paid for by Plaintiff through federal subsidized student loans.

50. Defendants retained the tuition money but deprived Plaintiff of the opportunity to complete her practicum and obtain a PhD in Clinical Psychology. It would be inequitable to allow Defendants to keep Plaintiff's money, while at the same time deprive Plaintiff of the degree she paid for physically, mentally and financially and at the same time they denied her a career as a Clinical Psychologist.

51. An inequity has resulted from Defendants' retention of the approximately $500,000.00 in tuition paid by Plaintiff because Plaintiff was wrongfully dismissed from the university after completing 17 years of course work and was deprived by Defendants of the PhD in Clinical Psychology she paid for, was promised, and deserved as a matter of law and equity.

52. To the extent the jury finds that no express contract exists Plaintiff asserts that a contract should be implied to avoid Defendants' unjust enrichment, which occurred at the expense of the Plaintiff.

## COUNT VI BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

53. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 52 above as though fully restated herein.

54. The implied covenant of good faith and fair dealing is implied in every contract and cannot be waived by the parties.

55. The agreement reached by Plaintiff and Defendants at the time of enrollment and subsequently thereafter upon her continued enrollment until such time as she was wrongfully dismissed as a student by Defendants is personal in nature and constitutes a personal service contract.

56. Plaintiff entered the agreement(s) at issue, which were characterized and further reaffirmed by the course of conduct of the parities, to obtain a marketable degree, and earn a living so that she would have peace of mind knowing that she was gainfully employed as a Clinical Psychologist.

57. Plaintiff enrolled at Defendant Walden and entered an agreement by which she would pay tuition in exchange for the provision of resources and services as well as receive a PhD in Clinical Psychology.

58. Defendants acted in bad faith by putting their own interest above those of Plaintiff and inducing her to pay exorbitant amounts of tuition knowing that she was going into debt by obtaining the funds through federally subsidized loans so that they could line their own coffers while at the same time delaying an obstructing her obtainment of a PhD in Clinical Psychology.

59. Defendants acted in bad faith by making fraudulent misrepresentations and omissions designed to and in fact inducing Plaintiff to continue her enrollment and pay exorbitant amounts of tuition all along knowing and intending to delay and obstruct her obtainment of a PhD in Clinical Psychology.

60. Defendants acted in bad faith by further obstructing and delaying Plaintiff's obtainment of her degree and ultimately wrongly dismissing her from the program, when they knew that extracting additional tuition payments from her through federally subsidized loans would set off red flags with the US Department of Education because she was beyond the time for completion of the doctoral program and her student loan debt was so high.

61. Defendants acted in bad faith by inducing her to enroll at Walden through fraudulent misrepresentations and omissions misleading her to believe that she could obtain a PhD in Clinical Psychology in three to five years and at a cost of $160,000 and then interfered and obstructed with her ability to obtain the degree in that amount of time and for that amount of money promised and otherwise interfered with her ability to complete her dissertation, internship and practicum and then ultimately wrongfully dismissed her from Walden depriving her of a PhD in Clinical Psychology and a career along with commensurate income earned by a Clinical Psychologist.

62. As a direct and proximate result of Defendants' acts of bad faith and breach of the implied covenant of good faith and fair dealing, Plaintiff has and will experience economic and non-economic damages, past, present, and future.

63.  As a direct and proximate result of Defendants' acts of bad faith and breach of the implied covenant of good faith and fair dealing Plaintiff has and will experience emotional distress and mental anguish, past, present and future.

## COUNT VII DECLARATORY JUDGMENT

64. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 63 above as though fully restated herein.

65. Pursuant to MCL 445.911(1) (a) Plaintiff seeks a declaratory judgment from this Honorable Court providing that Defendants conduct, methods, acts and practices as outlined in this Complaint including, but not limited to the methods, acts and practices delineated in paragraph 41 of Count III and paragraph 71 of Count VII are unlawful and violate MCL 445. 901, et. seq., and enjoining Defendants from continuing to engage in that conduct and continuing to bar Plaintiff from Walden and thereby depriving her of a PhD in Clinical Psychology.

66. Plaintiff also seeks an order pursuant to MCL 445.911(5) requiring Defendants to reimburse Plaintiff for the approximately $500,000.00 in tuition paid to Defendant Walden and or ordering that Walden university carry out the transaction, i.e., reinstating Plaintiff in the university and allowing her to complete the program and obtain her PhD. In Clinical Psychology.

67. Pursuant to MCL 445.911(5) entering an order granting Plaintiff such other relief as this Honorable Court deems appropriate.

## COUNT VII BREACH OF FIDUCIARY DUTY

68. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 67 above as though fully restated herein.

69. Plaintiff reasonably reposed faith, confidence, and trust in the Defendants which were a fiduciary to her pursuant to the common law of the State of Michigan and by virtue of the federal regulations promulgated pursuant to 20 USC § 1092 including, but not necessarily limited to 34 C.F.R. § 668.41, 34 C.F.R. §668.45, 34 C.F.R. § 48, 34 C.F.R. § 668.71(b), 34 C.F.R. §668.72, 34 C.F.R. §668.74, and 34 C.F.R. §668.82.

70. Defendant Walden owed a fiduciary duty to Plaintiff arising by contract, common law of the State of Michigan or by the federal regulations promulgated pursuant to 20 USC §1092 and or otherwise promulgated or enforced by the United States Department of Education.

71. Defendants breached the fiduciary duty it owed to Plaintiff in ways including, but not necessarily limited to:

   a. Making misrepresentations as to nature of its programs to include false, erroneous, or misleading statements concerning whether successful completion of its doctoral level Clinical Psychology program would be achievable in three to five years and for $160,000.

   b. Making misrepresentations regarding the employability and licensure of their graduates, as well as the current or likely future conditions, compensation or employment opportunities in the industry and occupation for which Plaintiff was being prepared.

   c. Engaging in substantial misrepresentations regarding themselves, including about the nature of their educational programs, including, but not limited to a PhD in Clinical Psychology, their financial charges, the length of the program and the availability of licensure in Clinical Psychology for their graduates in order to lure Plaintiff into enrolling.

d. Engaging in continuing and ongoing substantial misrepresentations regarding themselves including about the nature of their educational programs, including, but not limited to a PhD in Clinical Psychology, their financial charges, the length of the program and the availability of licensure in Clinical Psychology for their graduates in order to lure Plaintiff into re-enrolling and in order to get Plaintiff to continue in the program for 17 years and pay tuition to Defendants.

e. Making other misrepresentations and engaging in other conduct that constitutes a breach of their fiduciary duties to Plaintiff and violations of the applicable federal statutes and regulations.

72. As a direct and proximate result of Defendants' breach of the fiduciary Plaintiff has and will continue to suffer economic and noneconomic damages past, present, and future consisting of emotional distress, mental anguish, lost wages, and lost business opportunities associated with her inability to obtain the PhD in Clinical Psychology that she paid for and dedicated 17 years of her life in pursuit thereof before Defendants wrongfully dismissed her from Walden, as well as the burden of approximately $1,000,000 in student loan debt incurred as a result of Defendants' wrongful conduct as more fully delineated above in this Complaint.

WHEREFORE, Plaintiff, Mary Martin, respectfully requests that this Honorable Court enter a Judgement for money damages in her favor and against Defendants in an amount in excess of $75,000.00 deemed fair and reasonable under the circumstances and enter a declaratory judgment MCL 445.911(1) (a) and MCL 445.911(5) and granting her such other relief as is deemed fair and reasonable under the circumstances.

JURY DEMAND

COMES NOW THE Plaintiff, MARY MARTIN, and she hereby makes this Plaintiff's Demand for a trial by jury.

Dated: January 31, 2025

JERARD M. SCANLAND (P74992)
Attorney for Defendants
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Telephone: (734)-282-6037
Facsimile: (734)-447-5853
JScanland@milawoffices.com